STATE of Wisconsin, Plaintiff-Respondent,

v.

Richard E. PASKE, Defendant-Appellant.

Court of Appeals

Nos. 84-333, 84-334, 84-335, 84-336.
*Submitted on briefs October 2, 1984.—Decided November 7, 1984.*
(Also reported in 360 N.W.2d 695.)

For the defendant-appellant, the cause was submitted on the briefs of *Stephen M. Glynn* and *Michael J. Cohn,* of *Shellow, Shellow & Glynn, S.C.,* of Milwaukee.

For the plaintiff-respondent, the cause was submitted on the brief of *Bronson C. La Follette,* attorney general, and *Sally L. Wellman,* assistant attorney general.

Before Scott, C.J., Brown, P.J., and Nettesheim, J.

NETTESHEIM, J.  Richard E. Paske appeals an order of the trial court denying him an evidentiary hearing on an alleged breach of a plea agreement by the prosecution.  We conclude Paske waived his right to such a hearing by expressly choosing to proceed with the sentencing after being made aware of the change in the prosecutor's sentencing recommendation and by failing to request, at the time of sentencing, to withdraw his previous pleas or to have the plea agreement specifically enforced.

On March 26, 1980, pursuant to a plea agreement whereby the prosecution agreed to recommend a sentence for a term not to exceed eleven years, Paske entered pleas of no contest to seven counts of burglary, three counts of party to the crime of burglary, six counts of felony theft, one count of party to the crime of felony theft and one count of misdemeanor theft. The trial court accepted the pleas and ordered a presentence investigation and report.  Paske remained in custody pending sentencing.

While incarcerated and awaiting sentencing, Paske conspired with other inmates to escape from the Sheboygan county jail.  Paske was charged with this offense in a formal complaint and on April 23, 1980, pled guilty to the same charge set forth in an information.  The court then proceeded to sentence Paske on all pending charges.  Sentences totaling twenty-one years were imposed.

At the sentencing proceedings, but prior to the imposition of the sentences themselves, the prosecutor stated that he had previously indicated that the state would be recommending a sentence not to exceed eleven years on the eighteen counts to which Paske had previously pled no contest. However, because of Paske's involvement in the escape incident and his conviction on that charge, the prosecutor indicated that he would not stand by his original recommendation and, instead, would make no recommendation as to sentencing on the original eighteen counts. The prosecutor stated that this change in position had been communicated to Attorney Slagle who represented Paske at the time the original pleas were entered. The prosecutor also indicated that he had communicated this change in position to Attorney Vowinkel who was representing Paske at the sentencing proceeding. The prosecutor further indicated that he had advised Paske's attorneys that if Paske was unsatisfied with the new recommendation, the state would not object to a withdrawal of the no contest pleas.

After the prosecutor placed upon the record his new sentencing recommendation, Paske's attorney observed that Paske would be "within his rights" to withdraw his previous pleas of no contest to the eighteen counts. Paske's attorney then stated:

I have discussed that possibility with Mr. Paske, and we have elected not to do that, but rather to proceed with sentencing today.

Paske's attorney did not ask for specific performance of the plea agreement nor for leave to withdraw the previous no contest pleas. He did ask that the court bear in mind, with respect to sentencing, that the pleas were entered based upon the plea agreement.

Paske argues that *State v. Rivest*, 106 Wis. 2d 406, 316 N.W.2d 395 (1982), requires a hearing followed by

a judicial determination that a defendant has materially breached the conditions of a plea agreement before the state may be permitted to withdraw therefrom. While Paske correctly recites the rule of *Rivest*, we conclude his reliance thereon is misplaced. This is because the plea agreement *ultimately* reached in this case was not one which obligated the state to recommend a sentence not to exceed eleven years but rather one which obligated the state to make no sentencing recommendation.

Courts have frequently looked to contract law analogies in determining the rights of defendants allegedly aggrieved in the plea negotiation process. *Id.* at 413, 316 N.W.2d at 399. We appreciate, however, that such analogies cannot be solely determinative when questions of fundamental due process rights are involved. *Id. Rivest* concludes that considerations of "decency and fairness" which underpin constitutional due process require a hearing where a defendant has pled guilty and commenced a sentence imposed pursuant to a plea agreement followed by the state's application to have the agreement set aside.

In the instant case, however, Paske's no contest pleas were reaffirmed with full prior knowledge of the state's altered position on sentencing. Paske's reaffirmation of the pleas further spurned the state's thrice conveyed offer (twice before the sentencing proceeding and once at the sentencing proceeding itself) not to oppose a request to withdraw the pleas.

The crucial and appropriate thrust of the inquiry in this case is whether Paske was fully and fairly apprised of the consequences of his *ultimate* choice as to his pleas. It is only when the consensual character of the plea is called into question that the validity of a guilty plea may be impaired. *Mabry v. Johnson,* 104 S. Ct. 2543, 81 L. Ed. 2d 437, 443 (1984). It cannot be persuasively argued

in this case that Paske's reaffirmed pleas to the original eighteen counts were entered on any premise other than knowledge that the state would make no sentencing recommendation.

A plea agreement, standing alone, is an executory agreement. *Id.* at ——, 81 L. Ed. 2d at 442. Such a contract contemplates activity in the future to which the parties have bound themselves and which remains to be done. *See First Wisconsin National Bank v. Oby,* 52 Wis. 2d 1, 7, 188 N.W.2d 454, 457 (1971). *See also* 17 C.J.S. *Contracts* § 7 (1963). An executory contract can be modified by the parties, and no new consideration is required in order to support such modification. *Smith v. Osborn,* 66 Wis. 2d 264, 279, 223 N.W.2d 913, 921 (1974).

The state's proposed modification to the executory contract with Paske was unequivocally consented to and accepted by Paske when he reaffirmed his earlier pleas and spurned the state's offer not to object to any requested withdrawal of the pleas. Under these circumstances, Paske's ultimate bargain with the state was not for a plea recommendation with a ceiling of eleven years but rather for no recommendation. The circumstances surrounding this modification of the plea agreement violate no standards of fairness or decency nor any factors bearing upon due process. Paske's ultimate pleas were in no sense induced by the prosecution's withdrawn offer. Paske clearly opted to take his chances under the terms of the modified plea agreement. Since the ultimate pleas were freely and voluntarily made and were not the product of any violation of due process, we should not undo them simply because the sentence meted out by the trial court was one which did not comport with the terms of the original, but discarded, plea agreement.

*By the Court.*—Orders affirmed.